UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC DEVRIES,<br><br>    Plaintiff,<br><br>v.<br><br>NEWREZ LLC, a Delaware limited liability company, successor by merger to SPECIALIZED LOAN SERVICING LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 1:25-cv-93<br><br>Hon. |

## COMPLAINT

Plaintiff Eric DeVries, by and through his counsel, Westbrook Law PLLC, for his Complaint against Defendant Newrez LLC, states as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress a substantial breach of a Settlement Agreement and Release, dated March 2, 2022, between Plaintiff and Defendant's predecessor in interest, Specialized Loan Servicing LLC ("SLS") in resolution of a previous case before this Court, *DeVries v. Specialized Loan Servicing LLC*, Case No. 1:20-cv-1213.

2. Plaintiff further brings this action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(f); Michigan Mortgage Brokers, Lenders and Servicers Licensing Act ("MBLSLA"), M.C.L. § 445.1651 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, due to SLS's failure to comply with its loan servicing duties by furnishing periodic statements regarding his mortgage loan account, provide servicing information

to Plaintiff in response to his written requests for the same, and correct servicing errors in response to notices of error provided to SLS by Plaintiff.

3. The MBLSLA provides an independent cause of action against mortgage loan servicers for failure to conduct their business in accordance with law. M.C.L. § 445.1672. Violations of TILA and/or RESPA constitute actionable violations of the MBLSLA and entitle the prevailing plaintiff to actual damages or statutory damages of $250 per violation and attorney fees. M.C.L. § 445.1681.

## THE PARTIES

4. Plaintiff Eric DeVries is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a citizen of the State of Michigan.

5. Defendant Newrez LLC ("Newrez") is a Delaware limited liability company with a principal place of business in Fort Washington, Pennsylvania. Newrez is wholly owned by Rithm Capital Corp., a corporation organized under the laws of the State of Delaware and with a principal place of business in New York, New York. Newrez is a citizen of the State of New York.

6. Defendant is the successor by merger to Specialized Loan Servicing LLC ("SLS"), formerly a Delaware limited liability company with a principal place of business in Littleton, Colorado.

7. At all times relevant to this Complaint, SLS was a "licensee" as that term is defined and used in the MBLSLA, M.C.L. § 445.1651a(n), because SLS was licensed as a servicer of first home mortgage loans in the State of Michigan (license no. FR-0020429) as well as second home mortgage loans (license no. SR-0011889).

8. Newrez is a "licensee" as that term is defined and used in the MBLSLA, M.C.L. § 445.1651a(n), because SLS is licensed as a servicer of first home mortgage loans in the State of

2

Michigan (license no. FR-0021478) as well as second home mortgage loans (license no. SR-18973).

9. On or about May 2, 2024, SLS was acquired by Rithm Capital Corp., the parent company of Defendant, and simultaneously SLS was merged with Defendant.

10. Defendant is successor by merger to SLS.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 2605. This Court also has diversity jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

12. Venue is appropriate in this Court because the conduct complained of took place within this district.

## FACTUAL ALLEGATIONS

13. Plaintiff obtained a home loan from Wells Fargo in November of 2002, resulting in a debt (the "Debt").

14. Wells Fargo was a "lender" and "creditor" as those terms are defined in RESPA because it was regulated by the U.S. Department of Housing and Urban Development and because it made or invested in residential real estate loans aggregating more than $1,000,000 per year.

15. The Debt was a "federally related mortgage loan" as defined in RESPA and Regulation X, 12 C.F.R. § 1024.2(b), because it was made by Wells Fargo and was secured by a lien on Plaintiff's home, which was residential real property.

16. SLS became the servicer of the Debt in March of 2019. Thereafter, SLS was a "servicer" as that term is used in TILA.

17. Thereafter, SLS engaged in collection-related conduct that Plaintiff alleged violated federal and Michigan consumer protection laws, including the Telephone Consumer Protection Act, Michigan Regulation of Collection Practices Act, and MBLSLA, ultimately resulting in the filing of two lawsuits.

18. The first lawsuit, *DeVries v. Specialized Loan Servicing LLC*, No. 1:19-cv-00708 (W.D. Mich.), was settled and dismissed on April 9, 2020.

19. SLS continued servicing the Debt after dismissal of the 2019 lawsuit.

20. After the dismissal of the 2019 lawsuit, SLS again began using pre-recorded voices in numerous calls to Plaintiff, conduct Plaintiff had challenged as violating the TCPA in the 2019 lawsuit.

21. In addition, after dismissal of the 2019 lawsuit, Plaintiff took issue with SLS's failure to provide a payoff statement regarding the loan in response to his written request, an alleged violation of TILA and the MBLSLA.

22. Plaintiff's disputes with SLS arising after dismissal of the 2019 lawsuit ultimately resulted in the filing of a second lawsuit, *DeVries v. Specialized Loan Servicing LLC*, Case No. 1:20-cv-1213.

23. The 2020 lawsuit was settled via a Settlement Agreement and Release that was executed by Plaintiff on February 28, 2022, and by SLS on March 2, 2022 ("SAR").

24. The SAR required SLS to make a settlement payment and, as "Special Consideration,"

> SLS agrees to provide Plaintiff a loan modification with such terms to be presented by SLS in a document separate from this Agreement. However, SLS hereby agrees to remove co-obligor Andrew E. DeVries from the mortgage loan as part of the loan modification. After the loan modification is implemented, Plaintiff will be the sole obligor under the mortgage loan. Unless provided otherwise in this Agreement, all

4

remaining provisions of the Note and Mortgage shall remain in full force and effect except to the extent any term of the Note and Mortgage conflicts with the Modification as to only Eric DeVries, which case the Modification will control.

25. Thereafter, Plaintiff accepted and signed a loan modification with SLS, received the settlement payment, and stipulated to dismiss the 2020 lawsuit.

26. The Court entered the dismissal of the 2020 lawsuit on March 11, 2022.

27. Unknown to Plaintiff at that time, SLS failed to remove Plaintiff's father, Andrew DeVries, as a co-obligor on the loan as required under the SAR.

28. SLS never removed Andrew DeVries as a co-obligor on the loan.

29. SLS substantially breached the SAR.

30. Following the dismissal of the 2020 lawsuit, SLS never sent to Plaintiff any periodic statements or disclosures regarding the loan.

31. Plaintiff attempted to cause SLS to send periodic statements to him on several occasions, sending correspondence to SLS's address of record for the receipt of qualified written requests and notices of error indicating that statements had not been mailed to his home address and requesting that such statements be mailed to him.

32. On October 24, 2022; January 12, 2023; and September 27, 2023; and November 14, 2023, Plaintiff sent correspondence to SLS at its designated address which identified himself and the loan and demanded that periodic statements be mailed to him at his home address.

33. SLS failed to respond at all to Plaintiff's correspondence of October 24, 2022.

34. Despite Plaintiff's written demands, SLS never resumed sending periodic statements to Plaintiff.

35. In June of 2024, servicing of Plaintiff's loan was transferred from SLS to Defendant, which does business as Shellpoint Mortgage Servicing ("Shellpoint").

36.     After the transfer of servicing from SLS to Shellpoint, Plaintiff sought and was approved by Shellpoint for a modification of the loan.

37.     The modification paperwork Plaintiff received from Shellpoint listed Andrew DeVries as a co-obligor on the loan.

38.     Upon further communications with Shellpoint regarding the modification, Plaintiff discovered that SLS had failed to remove Andrew DeVries as a co-obligor of the loan as the SAR required.

39.     Shellpoint has indicated to Plaintiff that the modification cannot be implemented unless it is signed by Andrew DeVries as a co-obligor.

40.     Andrew DeVries is unwilling to sign Shellpoint's modification of the loan and is not legally obligated to do so.

41.     Because, due to SLS's breach of the SAR, Shellpoint's records show Andrew DeVries as a co-obligor, Plaintiff has been unable to obtain the otherwise approved loan modification from Shellpoint.

42.     SLS's breach of the SAR has caused Plaintiff to be unable to finalize an approved loan modification, which has caused actual economic damages to Plaintiff, and which threatens Plaintiff's ability to avoid default, foreclosure, and negative consequences to his credit rating and ability to obtain credit on reasonable terms.

## COUNT I – BREACH OF CONTRACT

43.     Plaintiff incorporates by reference the preceding paragraphs.

44.     SLS breached the SAR by failing to remove Andrew DeVries as a co-obligor.

45.     SLS's breach of the SAR has caused actual harm to Plaintiff in the form of harm to his relationship with his father, Andrew DeVries, the inability to implement a mortgage loan

modification, increased loan payments and interest, and a significant likelihood of dispossession of the home.

46. The SAR incorporates a fee-shifting provision that entitles the prevailing party in proceedings regarding the enforcement of the SAR to recover from the losing party "its costs, including reasonable attorneys' fees, at both the trial and appellate levels."

47. As SLS's successor by merger, Defendant is liable for SLS's breach of the SAR.

WHEREFORE, Plaintiff respectfully requests that judgment enter against Defendant specifying the following relief:

   a. Actual damages;

   b. Contractual costs and reasonable attorney fees; and

   c. Such further legal and equitable relief as the Court deems just and proper.

### COUNT II – RESPA, 12 U.S.C. § 2605

48. Plaintiff incorporates the preceding paragraphs herein by reference.

49. Plaintiff's letters to SLS informing SLS that he was not receiving periodic statements and requesting correction of this error provided notice of an "error" within the meaning of RESPA's implementing Regulation X, 12 C.F.R. § 1024.35(b)(11).

50. RESPA, 12 U.S.C. § 2605, and its implementing Regulation X, 12 C.F.R. § 1024.35, required SLS to either: (1) correct the error, or (2) conduct a "reasonable investigation" and provide Plaintiff with written notification that no error occurred. 12 C.F.R. § 1024.35(e)(1).

51. SLS violated RESPA and Regulation X.

52. SLS's failure to correct its servicing errors upon notice by Plaintiff deprived Plaintiff of information to which he was legally entitled, including the periodic loan disclosures required under 15 U.S.C. § 1638(f).

53. As SLS's successor by merger, Defendant is liable for SLS's violations of RESPA.

WHERFORE, Plaintiff respectfully requests that judgment enter against SLS specifying the following relief:

    a. Actual damages pursuant to 12 U.S.C. § 2605(f)(1)(A); and

    b. Statutory costs and reasonable attorney fees pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT III – MBLSLA, M.C.L. § 445.1681

54. Plaintiff incorporates the preceding paragraphs herein by reference.

55. SLS violated TILA each month from April of 2022 to present by failing to deliver periodic disclosures required under 15 U.S.C. § 1638(f) that contained information including the principal amount, interest rate, and any late fees, and as required under Regulation Z, 12 C.F.R. § 1026.41, including the amount due, payment due date, breakdown of payment between principal, interest, and escrow.

56. A servicer's violations of TILA through failure to provide periodic statements constitute violations of the MBLSLA under M.C.L. § 445.1672(a) for which a private right of action is provided in M.C.L. § 445.1681.

57. A servicer's violations of RESPA through failure to rectify servicing errors communicated through a properly submitted notice of error constitute violations of the MBLSLA under M.C.L. § 445.1672(a) for which a private right of action is provided in M.C.L. § 445.1681.

58. SLS's failure to correct its servicing errors, i.e., its continuous failure to provide Plaintiff with periodic statements, violated the MBLSLA.

59. SLS's violations of the MBLSLA were repeated, sustained, and willful.

60. As SLS's successor by merger, Defendant is liable for SLS's violations of the MBLSLA.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

      a. Actual and statutory damages pursuant to M.C.L. § 445.1681(c);

      b. Costs and reasonable attorney fees pursuant to M.C.L. § 1681(c); and

      c. Such further legal and equitable relief as the Court deems just.

                                        Respectfully submitted,

Dated:  January 24, 2025　　　　　　　　　　/s/ Theodore J. Westbrook
                                                      Theodore J. Westbrook
                                                      **Westbrook Law PLLC**
                                                      Attorney for Plaintiff
                                                      Centennial Plaza, Suite 205
                                                      2851 Charlevoix Dr. SE
                                                      Grand Rapids, MI 49546
                                                      (616) 288-9548
                                                      ted@westbrook.law